PEOPLE v. McLAUGHLIN et al.

(Supreme Court, Trial Term,. Ontario County.   December 16, 1910.)

1. INDICTMENT AND INFORMATION (§ 129*)—JOINDER OF OFFENSES—SEPARATE COUNTS.

Under Code Cr. Proc. §§ 278, 279, providing that an indictment must charge but one crime and in one form, except that the crime may be charged in separate counts to have been committed in a different manner or by different means, an indictment containing several counts is not objectionable because of minor differences so long  as the counts relate to one transaction; the crime being charged in different ways.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 414–418; Dec. Dig. § 129.*]

2. INDICTMENT AND INFORMATION (§ 93*)—SUFFICIENCY—STATUTES.

An indictment which contains a statement of the acts charged to be a crime, sufficient to inform the defendant of the nature of the charge and to enable him to prepare his defense, is not defective unless prejudicial to some right of defendant, under Code Cr. Proc. §§ 284, 285, providing that defects of form, etc., not tending to prejudice the rights of a defendant on the merits do not vitiate an indictment.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 93.*]

3. INDICTMENT AND INFORMATION (§ 119*)—SURPLUSAGE.

An indictment consisting of eight counts alleged in four counts that defendants took money, the property of the L. M. Company, then on deposit in a bank named, and in the other four counts alleged that they took the same amount of money from the L. M. Company, a corporation, of which they were officers.  Held, that the allegations that the money was deposited in the bank might be treated as mere surplusage, and not as describing the money as the property of the bank, thereby charging a different offense from that charged in the other counts, and vitiating the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 119.*]

4. LARCENY (§ 29*)—INDICTMENT AND INFORMATION—REQUISITES—INTENT.

An indictment which charges that money was feloniously taken sufficiently charges a crime, although it fails to allege intent to deprive and defraud the true owner of his property.

[Ed. Note.—For other cases, see Larceny,. Cent. Dig. § 63; Dec. Dig. § 29.*]

James R. McLaughlin and others were indicted for larceny, and demur to the indictment.  Demurrers overruled.

Myron D. Short, Dist. Atty. (Stephen J. Warren, of counsel), for the People.

Frank Rice and Robert F. Thompson (Daniel J. Kenefick, of counsel), for defendants.

CLARK, J.  The defendants were indicted by the Ontario county grand jury in December, 1910, for grand larceny in the first degree. There were 17 different indictments, charging one offense in each indictment and on a specified date, and separate demurrers were interposed to each indictment on the ground that more than one crime was charged in each indictment, that the several counts were incon-

sistent with each other, and that some of the counts in each indictment did not charge a crime. The indictments were all in the same form, and the demurrers were argued together, and they will be disposed of in the same manner.

Each indictment contained eight counts, the first four charging that on a certain date named the defendants took certain moneys, the property of the Lisk Manufacturing Company, then on deposit in a certain bank named in the indictment, and the last four counts make no reference to the moneys being deposited in a bank, but allege that the said moneys were the property of the Lisk Manufacturing Company, a corporation of which the defendants were officers at the times the crimes charged were committed.

Defendants attack the indictments, claiming that two separate crimes were charged, because by the first four counts, even though the moneys are alleged to have been the property of the Lisk Manufacturing Company, it is also alleged that said moneys were on deposit in certain banks named, and that by the last four counts the moneys alleged to have been taken are stated to have been the property of the Lisk Manufacturing Company, and that, inasmuch as the moneys which were in the banks became the property of the banks when the deposits were made, the first four counts in the indictments actually charged stealing moneys of the banks, whereas the last four counts charged stealing moneys of the Lisk Manufacturing Company, and consequently two separate and distinct crimes are charged in each indictment.

Section 278 of the Code of Criminal Procedure provides:

"The indictment must charge but one crime and in one form, except as in the next section provided."

Section 279 of the Code of Criminal Procedure reads as follows:

"The crime may be charged in separate counts, to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

These two sections must be read together. People v. Infield, 1 N. Y. Cr. R. 146. The amounts of money claimed to have been stolen, the date of the crime, the names of the parties, and the place where the crime is alleged to have been committed are stated in each indictment, and they are in the same form, and a reading of any one of them, without a regard to what had been said on either side with reference to their validity, leads irresistibly to the conclusion that, although some of the counts were quite unnecessary, still it is plain that in each instance the counts relate to one transaction, the crime being charged in different ways, and that course the pleader had a right to adopt so as to meet the facts as they might develop on a trial. People v. Dumar, 106 N. Y. 510, 13 N. E. 325; People v. Adler, 140 N. Y. 331, 35 N. E. 644; People v. Dimick, 107 N. Y. 13, 14 N. E. 178; Hawker v. People, 75 N. Y. 489.

The indictment in each case contains a statement of the act consti tuting the crime charged, so that it is readily conceivable that the defendants could not be misled or mystified, and, that being so, it could

not be held defective so long as the rights of the defendants are in no way prejudiced. Code Cr. Proc. §§ 284–285; People v. Lammerts, 164 N. Y. 144, 58 N. E. 22; People v. Willis, 158 N. Y. 392, 53 N. E. 29. It was wholly unnecessary for the pleader to have inserted in the indictments an allegation that the moneys alleged to have been stolen by defendants were on deposit in a bank, but I think these allegations must be regarded as mere surplusage, and have no more effect than as though he had inserted an allegation that the moneys charged to have been stolen were on a particular shelf, or in a particular drawer, or hidden in a kettle, or some other receptacle for safe-keeping, and the allegations that the moneys stolen were on deposit in a bank, being surplusage, would not vitiate the indictments. People v. Laurence, 137 N. Y. 517, 33 N. E. 547.

The defendants' objection that the indictments failed to allege in counts 3, 4, 7, and 8 that the moneys were taken with an intention to deprive and defraud the true owner of its property is not well taken. It will be observed that in each one of these counts it is charged that the moneys were feloniously taken, etc., and for the purpose of an indictment I think the words used in these counts were sufficient to charge a crime. While it is true that a criminal intent is of the very essence of the crime of larceny, still whether or not such criminal intent existed is a matter to be determined upon the evidence adduced on the trial, and to be disposed of at that time, but, for the purpose of charging a crime in a pleading, the language used in counts 3, 4, 7, and 8 is deemed to be sufficient.

The objections raised to the demurrers appear to be technical, and do not go to the substance of the controversy. These indictments are certainly sufficient to inform the defendants of the nature of the charges against them. There is nothing mystifying about them. What they mean is that the defendants are charged in various ways with stealing moneys of the Lisk Manufacturing Company; they being officers of that company, and having had control of these moneys. Sufficient information is given by the indictments so that defendants can prepare for trial, and they cannot possibly be misled. The real test is, if defendants were tried on any one of these indictments, would the result of that trial be a bar to a second prosecution for the same offense? There is no sort of doubt but that it would be a bar to a second prosecution; for, while it may well be that some of the counts in the indictments could have been omitted, still no harm has been done by charging the crime in each indictment in eight different counts. Defendants have not been misled and their rights have not been prejudiced in any way, but one crime is charged in each indictment, although it is charged in different ways, and I think a proper administration of the criminal law requires that the objections raised be overruled.

The demurrers filed to the indictments against the defendants are in each instance overruled, and orders may be entered accordingly.